IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS R. HOOD, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  Case No. 17-cv-0955-MJR-MAB |
| LT. BACH, | ) |
| LT. OCHS, | ) |
| C/O SHANER, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**REAGAN, Chief Judge:**

## I.    Introduction

Now before the Court is Magistrate Judge Stephen Williams' Report and Recommendation (R&R) on Defendants' Motion for Summary Judgment as to Exhaustion of Administrative Remedies (Docs. 27, 39). The underlying suit is a civil rights complaint by inmate Curtis R. Hood against three individuals at Lawrence Correctional Center ("Lawrence") concerning their failure to protect him from an attack by his cellmate (Doc. 1). Magistrate Judge Williams held two evidentiary hearings on the matter, and after reviewing the evidence he recommended granting summary judgment for two defendants, and denying as to one (Doc. 39). The parties had 14 days to file objections to the R&R—Plaintiff filed an objection (Doc. 41). The matter is now ripe for the undersigned's review.

## II. Facts

The fact set forth in the Report and Recommendation need not be recited here because Plaintiff makes no substantive response to those facts (Doc. 39). Plaintiff filed a one-page document titled "Plaintiff's Brief Objections to Defendants Summary Judgment Motion" but it does not contain any new substantive information, or any argument that Magistrate Judge Williams' recommendation on summary judgment is erroneous (Doc. 41). The Defendants did not file objections to the R&R.

## III. Applicable Law

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* As the review of the motion for preliminary injunction is *de novo*, the Court conducts an "independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion," and "is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Mendez v. Republic Bank*, **725 F.3d 651, 661 (7th Cir. 2013).**

As an inmate, Plaintiff's lawsuit is governed by the PLRA, which requires a prisoner to exhaust his administrative remedies before filing suit. **42 U.S.C. § 1997e.** In Illinois, the grievance process requires a prisoner to speak with his counselor, file a

written grievance, and then appeal that grievance through the institutional and state levels. **20 ILL. ADMIN. CODE §§ 504.810–850.** Though the Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006),** the PLRA's plain language is clear: an inmate must exhaust only those administrative remedies that are available to him, **42 U.S.C. § 1997e(a)**. Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance, *Lewis v. Washington*, **300 F.3d 829, 833 (7th Cir. 2002)**, or, when prison employees thwart a prisoner from exhausting, *Dole*, **438 F.3d at 809**.

In *Pavey v. Conley (Pavey I)*, the Seventh Circuit set forth the procedures for tackling the exhaustion issue. The first step is for the judge to conduct "a hearing on exhaustion and [permit] whatever discovery relating to exhaustion he deems appropriate." *Pavey I*, **544 F.3d 739, 742 (7th Cir. 2008).** Upon conducting the hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, **663 F.3d 899, 904 (7th Cir. 2011) (affirming the factual findings of a magistrate judge, whose R&R included factual findings that plaintiff was not credible)**. Thus, unlike other summary judgment motions, the very purpose of *Pavey I* is to allow a judge to resolve swearing contests between litigants on the limited issue of exhaustion of administrative remedies. *See Pavey I*, **544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control.").** A magistrate judge's credibility determinations are afforded great deference. *Pavey II*, **663 F.3d at 904;** *see also Goffman v. Gross*, **59 F.3d 668, 671 (7th**

Cir. 1995) ("[D]e novo determination is not the same as a de novo hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

IV. Analysis

Here, Magistrate Judge Williams thoroughly reviewed the summary judgment filings by the parties, and conducted an evidentiary hearing prior to preparing his R&R. The Court finds no apparent flaw in the R&R. As Magistrate Judge Williams may appropriately do, he made a credibility finding about Plaintiff's contradicting assertion that his grievance named all three individuals or that it only named defendant Shaner. Plaintiff's live testimony was that the grievance only named Shaner. There is no reason in the record to disbelieve this finding. Accordingly, the undersigned accepts Magistrate Judge Williams' credibility finding and ultimate recommendation about the case. Taking Magistrate Judge Williams' R&R, the undersigned concludes that administrative remedies were taken as far as possible with regard to defendant Shaner, thus the case may proceed against him. As to the other two defendants—Ochs and Bach—the case will be dismissed with prejudice.

V. Conclusion

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendations (Doc. 39) over Plaintiff's objection (Doc. 41). Summary judgment shall be **GRANTED** in favor of Defendants Bach and Ochs. At the conclusion of the case,

judgment shall be entered in favor of Defendants Bach and Ochs with prejudice and against Plaintiff.  The case shall proceed only as to Defendant Shaner.

**IT IS SO ORDERED.**

DATED: March 15, 2019

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court